Dear Mr. Bethard:
In response to your recent correspondence, note that it remains the opinion of this office that a state employee is prohibited by law from simultaneously holding the elected position of school board member. R.S. 42:63(D) provides:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
(Emphasis added).
The position of elected school board member constitutes an elective office in a political subdivision of the state. See R.S. 42:62(1) and R.S. 42:62 (9). A full-time employee of the Louisiana Department of Transportation and Development holds employment in the government of this state. See R.S. 42:62(3) and R.S. 42:62(6). Further, none of the exemptions provided in R.S. 42:66 are applicable. Finally, we enclose a copy of Attorney General Opinion 98-276, in which the author concluded that an individual employed with the State Department of Agriculture can not legally hold the elected office of school board member.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
OPINION NUMBER 98-276
SEPTEMBER 11, 1998
78 — OFFICER — DUAL OFFICE HOLDING
LSA-R.S. 42:63((D) LSA-R.S. 42:62(9)LSA-R.S. 42:62(3) LSA-R.S. 42:62:(2)
1) If the position with the State Department of Agriculture is employment with the state, an individual can not hold an elective position in a political subdivision of their state and also be employed either full-time or part-time with the State Department of Agriculture.
2) If the position with the State Department of Agriculture is an appointive position, an individual can hold an elective position in a political subdivision of this state and a part-time appointive position with the State Department of Agriculture.
Mr. J. Wayne Landry Assistant District Attorney Courthouse Building, Suite 200 New Iberia, Louisiana 70560-4583
Dear Mr. Landry:
I am in receipt of your request for an Attorney General's Opinion wherein you ask the following questions:
 1) Can a school board member continue to serve on the school board if he is employed with a state department agency such as the State Department of Agriculture?
 2) Does working for a state agency and holding a position as a school board member violate the dual office holding law?
To address your concerns, a review of the Dual Office Holding and Dual Employment Laws of this State which is found in Title 42 is necessary. Certain positions are prohibited by law from being held simultaneously.
LSA-R.S. 42:63(D) states the following prohibitions:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
You have indicated that the individual-in-question is a state employee and a school board member. A school board position is a part-time position with a local political subdivision in the state. As defined in LSA-R.S. 42:62(9) a political subdivision means:
 . . . a parish, municipality and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions.
Your request does not indicate whether the position with the State Department of Agriculture is an appointed position or whether the individual-in-question is employed with the Department of Agriculture. I am also uncertain as to whether the position is full-time or part-time. I have attempted to contact you for further information but have been unable to reach you. Therefore, I will answer your questions assuming that the position with the State Department of Agriculture is by employment or appointment and full-time or part-time.
"Employment" is defined as:
 . . . any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof. (See LSA-R.S. 42:62(3))
"Appointive Office" means:
 . . . any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof. (See LSA-R.S. 42:62(2))
Concerning your first request, LSA-R.S. 42:63(D) prohibits an individual from holding an elective office in a political subdivision of this state when an individual is employed in the same political subdivision in which he holds an elective office. This statute also prohibits an individual from holding an elective office in a political subdivision and employment in the government of this state whether full or part-time.
Concerning your second request, LSA-R.S. 42:63(D) prohibits an individual from holding an elective office in a political subdivision of this state when an individual is also holding a full-time appointive office in the government of this state. However, this statute does not prohibit an individual from holding an elective office in a political subdivision and also holding a part-time appointed office in the government of this state.
In Attorney General Opinion No. 91-22, our office received a request concerning whether an elected school board member can concurrently serve as an assistant attorney general. Our office opined that the position of an assistant attorney general which is considered an appointive office is a full-time position and the concurrent holding of the two offices-in-question would be prohibited by LSA-R.S. 42:63D.
Therefore, in answer to your concerns, the following is true:
 1) If the position with the State Department of Agriculture is employment with the state, an individual can not hold an elective position in a political subdivision of this state and also be employed either full-time or part-time with the State Department of Agriculture.
 2) If the position with the State Department of Agriculture is an appointive position, an individual can hold an elective position in a political subdivision of this state and a part-time appointive position with the State Department of Agriculture.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ JAMES C. HRDLICKA Assistant Attorney General
RPI/JCH:lrs